**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ADEREMI EMMANUEL ATANDA, | No. 08-71350 |
| Petitioner, | Agency No. A028-329-199 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010[**]

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

Aderemi Emmanuel Atanda, a native and citizen of Nigeria, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen removal proceedings.  Our jurisdiction is governed by 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reopen, *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008), and we deny in part and dismiss in part the petition for review.

We have jurisdiction to review Atanda's motion to reopen pursuant to 8 U.S.C. § 1252(a)(2)(C) & (D). *See Ghahremani v. Gonzales*, 498 F.3d 993, 998-99 (9th Cir. 2007).

The BIA did not abuse its discretion in denying Atanda's motion to reopen as untimely where his motion was filed over a year after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Atanda failed to present sufficient evidence of changed circumstances in Nigeria to qualify for the regulatory exception to the time limit, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004).

We lack jurisdiction to review Atanda's contentions regarding the BIA's December 8, 2006, order, because this petition for review is not timely as to that order. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

Atanda's contentions that the BIA abused its discretion by failing to discuss all the evidence submitted with the motion to reopen fail, because Atanda has not overcome the presumption that the BIA reviewed the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).

08-71350

We do not consider the exhibits attached to the opening brief, which were not a part of the original administrative record, because our review of the BIA's order is confined to the administrative record. *See Fisher v. INS*, 79 F.3d 955, 964 (9th Cir. 1996) (en banc) (evidence outside record may be considered only if BIA considered it, or if BIA abused its discretion in denying motion to consider it).

Atanda's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**